*CHEW & RELF vs. KEANE.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT,

If the plea of prescription be pleaded in the Supreme Court, the party to whom it is opposed may demand that the cause be remanded for trial upon that plea—but if it appear that substantial justice has not been done, a new trial will be ordered.

Suit upon a promissory note to which the defendant plead the general issue and set up a claim in reconvention.

A judgment was rendered for the plaintiffs in the court below, and the defendant appealed after having failed in his motion for a new trial.—On the appeal the appellees opposed to the claim in reconvention the plea of prescription.

Eastern District,
December 1830

CHEW & RELF
vs.
KEANE.

*Workman* for appellant.

*Duncan* and *Relf* for appellees.

*Martin J.* delivered the opinion of the court.

The defendant, sued on his promissory note, pleaded *nil debet* and reconvened the plaintiff for several large sums. There was judgment for them for the amount of the note. The claim in reconvention was disallowed, and the defendant appealed after an unsuccessful attempt to obtain a new trial.

The appellees, in this court, opposed the plea of prescription to the appellant's claims in reconvention, and the latter, availing himself of the provision of the Code of Practice, 902, has prayed that the cause may be remanded to be tried on the plea of prescription.

We have considered that, as the case must be remanded, and it has appeared to us that the appellant ought to have succeeded on his application for a rehearing, at least as to an item of his claim. Justice will be better obtained by the case being sent back for a new trial.

An item in the claim of reconvention is for the value of certain slaves of the defendant, consigned to and sold by the plaintiffs to Foley Lezano, who had proven insolvent. Remuneration was claimed on account of the gross neglect of the plaintiffs, who sold these slaves without the customary caution of reserving a mortgage for the price, and by requiring some other security also. It is in evidence that, in the sale of slaves, such caution is never omitted, unless the buyer be of the very first standing and credit; and it is in evidence the vendors were persons of a very different description.

The district judge has deemed, it was to be presumed, the

*If the plea of prescription be pleaded in the Supreme Court, the party to whom it is opposed may demand that the cause be remanded for trial upon that plea—but if it appear that substantial justice has not been done a new trial will be ordered.*

Q

Eastern District.
*December*, 1830.

CHEW & RELF
*vs.*
KEANE

plaintiffs would not have sold these slaves to persons whom they had reason to suppose could not pay for them.

In our opinion, the defendant having shewn that the customary caution in the sale of slaves, is to require a mortgage and security, unless the buyer be a person of the highest standing and credit, and the buyers were persons of different description, the plaintiffs ought to have known that the persons sold to were proper persons to be trusted.

As the other items, although the defendant's right is not equally so obvious, we think they are worthy of reconsideration.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial—and on the plea of prescription—the appellee paying costs in this court.